| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | COMPLAINT |
| ------------------------------------------------X | JURY TRIAL DEMANDED |
| BENJAMIN ALLEN, | ECF CASE |
| PLAINTIFF, | SDNY SECTION 1983 PLAN CASE |
| vs. | |
| CITY OF NEW YORK, NYPD Patrol Officers Deputy Inspector EDWARD WINSKI, Sgt. BRIAN BYRNES, JOHN BAIERA, Shield 15656 of Patrol Boro Manhattan South Task Force and NYPD Officer DOES 1-7, | |
| Defendants. | |
| ------------------------------------------------X | |

1

## TABLE OF CONTENTS

Preliminary Statement ........................................................................................3

Jurisdiction and Venue ......................................................................................4

Jury Demand .....................................................................................................4

Parties ................................................................................................................5

Statement of Facts .............................................................................................6

Plaintiff's Arrest .................................................................................................6

Plaintiff's Coerced Inner Eye Search...............................................................11

City Policy .......................................................................................................13

First Claim for Relief (Individual Officer Defendants) .......................... 15

Second Claim for Relief (Individual Officer Defendants) ..................... 17

Third Claim for Relief (Municipal Defendant) ...............................................18

Prayer for Damages .........................................................................................21

Index of Exhibits .............................................................................................22

PLAINTIFF Benjamin Allen, by his attorney, Paul L. Mills, Esq., for this Complaint, complaining of the defendants, respectfully alleges as follows:

COMPLAINT

(U.S. Constitutional 1st, 4th and 14th Amendments
Civil Rights 42 U.S.C. § 1983 Lawsuit)

PRELIMINARY STATEMENT

1. This case arises from a longstanding policy of the City of New York (Defendant "City") and its New York Police Department ("NYPD") to suppress 1st Amendment speech activity in traditional public forums.

2. A method that the NYPD routinely has employed is to issue orders to civilians, and take action themselves, that will create congestion, then arrest civilians for failing to obey unlawful dispersal orders.

3. Here, the misconduct includes the use of excessive force during the arrest of a civilian observing and photographing the arrest of a demonstrator.

4. The Defendant police first caused congestion among civilians, then, on the pretext of a need to disperse the people they had jammed together, plunged through the crowd to attack selected individuals, with the savage violence of rioters.

5. Plaintiff here also claims a subsequent violation of his 14th Amendment due process rights when NYPD threatened to, and did, prolong his

pre-arraignment detention in order to coerce unlawfully a search of the plaintiff's inner eyes.

6.  Plaintiff brings this action for damages under Title 42 USC Section 1983 for violations of his 1st, 4th, and 14th Amendment rights against the City of New York (a *Monell* cause of action), and individual officers involved in his arrest and detention.

## JURISDICTION AND VENUE

7.  This action arises under the First, Fourth and 14th Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

8.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 (federal question), and 1343 (federal civil rights).

9.  The Southern District of New York is the proper venue for this lawsuit because the cause of action arose in New York County, in the State of New York. The acts complained of occurred in the City of New York and in the Southern District of New York. Venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

10.  PLAINTIFF demands trial by jury in this action on all issues so triable.

## PARTIES

11.     Plaintiff Benjamin Allen is a citizen and resident of the United States of America, and at all times relevant herein was a resident of the State of New York.

12.     Defendant CITY OF NEW YORK is a municipal corporation which, through its New York Police Department ( "NYPD") operates a number of subordinate law enforcement facilities.  The NYPD, through its senior officials, in each facility, and in its specialized units, promulgates and implements policies, including those with respect to the searches, arrests, and processing of pretrial detainees, and the reporting and investigation of lawful and unlawful arrests and processing of pretrial detainees, by uniformed officers including the individual NYPD officers who are defendants in this action.  In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate officers, including some that are inconsistent with formal or stated policy.  These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten NYPD policies, practices and customs.

13.     At all times relevant hereto, each Defendant NYPD Patrol Officer, whether identified herein by name and/or shield number, or referred to as DOES and identified herein by the attached photographs, was a sworn and appointed patrol officer of the NYPD, acting in the capacity of agent, servant, and employee

5

of Defendant CITY OF NEW YORK, within the scope of their employment as such, and acting under color of state law. Each such individual Defendant NYPD Patrol Officer is sued in their individual capacity.

14.  At all times relevant hereto, each of the Defendant NYPD Patrol Officers, whether referred to by name, shield number, or as DOES (NYPD Officers whose names and shield numbers are not yet known to Plaintiff, but whom Plaintiff specifically identifies through photographs of them attached as exhibits hereto) were present during, ordered, participated in, or assisted in Plaintiff's arrests as set forth in this Complaint; was a sworn and appointed patrol officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant CITY OF NEW YORK, within the scope of their employment as such; and was acting under color of state law.

## STATEMENT OF FACTS

### Plaintiff's Arrest

15.  On March 17, 2012 (St. Patrick's Day) at or about 2:30 PM, on the sidewalk at and near 1 Liberty Plaza, also known as Zuccotti Park (the "Park"), Defendant NYPD officers arrested Plaintiff without probable cause to believe he had committed any crime, using excessive force, and caused him to be detained thereafter until his arraignment.

16. The above-described sidewalk area was a 1st Amendment traditional public forum where those engaged in lawful protest and expressive activity are accorded special protection by the law, from governmental interference.

17. Plaintiff was there engaged in peaceful U.S. Constitution 1st Amendment activity, in compliance with all lawful orders of the police, observing and photographing people engaged in expressive protest activity on a public sidewalk.

18. The area of sidewalk in question was adjacent to Zuccotti Park and did not pass by residences or commercial buildings.

19. No pedestrians seeking to access or do business with the buildings across the street were obstructed by the demonstrators or those observing them.

20. The only civilian pedestrians seeking access to the area of the sidewalk where this incident took place were those demonstrating, or observing the demonstrators.

21. The number of police present was well in excess of the number of those engaged in demonstrating, but not as great as the number who were observing.

22. The largest number of people present were those observing and photographing or video-recording the demonstrators and observing, photographing and video-recording the police.